**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA VALIN; JAMES VALIN, | No.   20-16746 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-01785-GMN-DJA |
| v. | |
| NATIONSTAR MORTGAGE LLC; U.S. BANK, N.A., as Trustee, Successor In Interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2004-11, Mortgage Pass-Through Certificates, Series 2004-11, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 20, 2021**
San Francisco, California

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge

A Nevada statute of repose, Nev. Rev. Stat. § 106.240, requires a party to sue on a debt secured by real property within ten years after it becomes wholly due. The defendants-appellees recorded three notices of default on a home owned by Pamela and James Valin because payments on a promissory note were delinquent. The first two notices were rescinded. Because the first notice was recorded in 2009, and the creditors did not bring suit within ten years thereafter, the Valins claim their debt is discharged under the Nevada statute of repose. The district court dismissed the complaint, holding that under Nevada law the rescission of the 2009 notice also rescinded any acceleration of the debt. We affirm.

Under Nevada law, because the 2009 notice of default was rescinded less than ten years after it was issued, the acceleration of the debt was also rescinded, and Nev. Rev. Stat. § 106.240 is inapplicable. *See Glass v. Select Portfolio Servicing Inc.*, 466 P.3d 939, 2020 WL 3604042, at *1 (Nev. July 1, 2020); *Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212–13 (9th Cir. 2021). That the deed of trust gives the borrower a right to reinstate after acceleration makes no difference, as the deed of trust does not limit that option to the borrower. *See Johnston v. U.S.*

---

[***] The Honorable M. Miller Baker, Judge of the United States Court of International Trade, sitting by designation.

2

*Bank Nat'l Ass'n*, 466 P.3d 945, 2020 WL 3832873, at \*2 (Nev. Ct. App. July 7, 2020) (stating that a loan document need not explicitly give a lender the right to decelerate a loan obligation).

**AFFIRMED.**